# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lanny S. Riffey,                                  :
                 Appellant            :
                                   :
           v.                                   :     No. 2537 C.D. 2015
                                     :     Submitted: June 24, 2016
Commonwealth of Pennsylvania,                     :
Department of Transportation,                     :
Bureau of Driver Licensing                        :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: September 28, 2016

Lanny S. Riffey appeals an order of the Court of Common Pleas of York County (trial court) dismissing his appeal and reinstating a six-month suspension of his operating privileges imposed by The Department of Transportation, Bureau of Driver Licensing (PennDOT) pursuant to Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c). Because additional factual findings are needed to determine whether Riffey qualifies for relief under this Court's recent decision in *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016), we vacate and remand for further proceedings.

On August 28, 2008, Riffey was convicted in York County of violating Section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), 35 P.S. §780-113(a)(16) (relating to possession of a

controlled or counterfeit substance).[1]  Six years later, on August 7, 2014, PennDOT notified Riffey that his operating privilege was being suspended for six months effective September 11, 2014, in accordance with Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c),[2] as a consequence of his 2008 drug conviction.  Riffey appealed the suspension to the trial court.

On appeal to the trial court, Riffey's case and twenty-two others with similar delays were consolidated for disposition.  At a hearing on March 25, 2015, counsel for the licensees offered to introduce testimony from each licensee regarding the prejudice they experienced due to the delayed suspension notices.  Instead of hearing individual testimony from each licensee, the court asked PennDOT's counsel to "accept … that if all these people were called to testify, they would indeed offer their opinion that they have been prejudiced by the delay …." R.R. 49.  PennDOT's counsel did not so stipulate.  Nevertheless, the trial court accepted the statement of licensees' counsel and assumed prejudice existed as to each licensee.  R.R. 52.  At the conclusion of the hearing, the trial court deferred its decision on the licensees' appeals pending this Court's decision in *Smires v. O'Shell*, 126 A.3d 383 (Pa. Cmwlth. 2016).  On October 23, 2015, this

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101 – 780-144.

[2] Section 1532(c) states, in relevant part:

> (c) Suspension.--The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state ….
>
> (1) The period of suspension shall be as follows:
>
> > (i)  For a first offense, a period of six months from the date of the suspension.

75 Pa. C.S. §1532(c)(1)(i).

Court rendered its decision in *Smires*,[3] and as a result, the trial court dismissed the licensees' appeals and reinstated the suspensions. Riffey now appeals.[4]

On appeal,[5] Riffey argues that the delay in reporting of his conviction to PennDOT violated his right to due process. While the general rule remains that the delay must be attributable to PennDOT to warrant setting aside a license suspension, this Court recently recognized a limited exception to that rule in *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528, 534 (Pa. Cmwlth. 2016). Under the exception, relief to a licensee may be appropriate upon a showing of the following: (1) a conviction not reported for an extraordinarily extended period of time, (2) a lack of further violations for a significant number of years before the report is finally sent, and (3) prejudice. *Id.*

In *Gingrich*, the licensee's conviction was not reported to PennDOT

---

[3] In *Smires*, several individuals, including Riffey, whose license suspensions were delayed by the York County Clerk of Courts' failure to timely report their convictions to PennDOT sought a writ of mandamus from this Court directing PennDOT to reinstate their operating privileges notwithstanding their prior convictions. The licensees argued they were entitled to relief on grounds of equal protection, equitable estoppel, laches and due process. This Court held that mandamus relief was not warranted because the licensees could seek relief through their statutory right of appeal. *Smires*, 126 A.3d at 394.

[4] An appeal by the other licensees, with the exception of Cole Viani, is currently pending before this Court at *Butler v. Department of Transportation, Bureau of Driver Licensing*, No. 2533 C.D. 2015. Viani's appeal, which is identical to the instant appeal, was decided by a separate memorandum opinion and order filed today. *See Viani v. Department of Transportation, Bureau of Driver Licensing*, (Pa. Cmwlth., No. 2538 C.D. 2015, filed September 28, 2016).

[5] Our review is limited to determining whether the trial court's findings were supported by competent evidence, whether errors of law were committed, or whether the trial court's determinations demonstrated a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 875 (Pa. 1989).

for nearly ten years. *Id.* at 529.[6] She had no further violations for eight years prior to the report being sent to PennDOT. *Id.* at 529-30. Following her conviction, the licensee obtained a bachelor's degree, secured employment, and had a child. *Id.* at 530. She testified that imposing the suspension now would impact her ability to drive her child to school, and would likely result in the loss of her job, which requires her to drive. *Id.* Because she satisfied the requirements for the narrow exception, we vacated her suspension.

The record in the case *sub judice* is insufficient for this Court to determine whether Riffey qualifies for the *Gingrich* exception. The application of this exception, especially the determination of prejudice to the licensee, is exceedingly factual in nature. The trial court's acceptance of counsel's representation that every licensee, including Riffey, would testify that he or she was prejudiced is not enough. Accordingly, we vacate and remand for further proceedings to determine whether Riffey can demonstrate that he is entitled to relief from the imposition of the six-month license suspension under *Gingrich*.[7]

_____
MARY HANNAH LEAVITT, President Judge

---

[6] This Court expressly declined to "establish a bright line in which a delay becomes extraordinary." *Gingrich*, 134 A.3d at 534. However, we held that a nearly ten-year delay in reporting of a conviction met that standard. *Id.* at 535.

[7] Based on our disposition of the case, we need not address Riffey's arguments pertaining to equal protection, equitable estoppel, and laches.

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lanny S. Riffey,                          :
                    Appellant            :
                                          :
          v.                             :    No. 2537 C.D. 2015
                                          :
Commonwealth of Pennsylvania,            :
Department of Transportation,            :
Bureau of Driver Licensing               :

# **O R D E R**

AND NOW, this 28th day of September, 2016, the order of the Court of Common Pleas of York County dated November 10, 2015, in the above-captioned matter is hereby VACATED and the case is REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge